UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Mohammed Reza Enayat

    v.                            Civil No. 07-cv-72-JD

United States of America


PROCEDURAL ORDER

     Following this court's order denying his motion for relief pursuant to 28 U.S.C. § 2255, Mohammed Reza Enayat moves for reconsideration on three grounds.  He contends that he only disavowed the need for a hearing because he believed it was unnecessary due to the strength of his claims.  He also contends that the court erred in concluding that his counsel was not constitutionally ineffective in recommending against the plea agreement being negotiated by his former counsel and in failing to pursue the question of whether the government had obtained a handwriting analysis of the forged signature on the stolen check. The government, for whatever reason, failed to respond to Enayat's motion, which is not helpful in resolving the issues raised.

     Although a hearing in this case did not appear to be necessary based on the parties' initial filings, in light of the motion to reconsider, two issues could be amplified by factual development at a hearing.  Therefore, a hearing will be scheduled

to address Enayat's claims that his former counsel, Robert Jubinville, provided constitutionally ineffective assistance in (1) advising him to reject the government's plea offer and (2) in failing to request the FBI's handwriting analysis of the writing on the stolen check.

To address those claims, the court directs Attorney Jubinville to cooperate with Enayat's present counsel and the Assistant United States Attorney in any preparation that may be necessary for the hearing.  Attorney Jubinville shall be present at the hearing and shall be prepared to testify about the two issues identified above.  He also shall bring his complete file for the case, United States v. Enayat, 03-cr-82-JD, to the hearing.  Enayat shall be present at the hearing.  In addition, the government shall produce for the hearing the agent or other person with knowledge about whether a handwriting analysis was done of the check in question and, if an analysis was done, the government shall produce a copy of the handwriting analysis for inspection at the hearing.

Conclusion

The clerk of court will set a date for the hearing after consulting with the Assistant United States Attorney and Enayat's current counsel about an appropriate schedule. No later than twenty days before the hearing, counsel and the AUSA shall each file a list of witnesses they expect to testify at the hearing. Counsel and the AUSA will be responsible to prepare and serve any subpoenas that may be necessary to obtain a witness's presence at the hearing.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 29, 2007

cc:   Edward J. Juel, Esquire
      Aixa Maldonado-Quinones, Esquire
      Robert L. Jubinville, Esquire