UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Mohammed Reza Enayat</u>

   v.                                    Civil No. 07-cv-72-JD

<u>United States of America</u>


O R D E R


Mohammed Reza Enayat was convicted of receiving a stolen
security, specifically a check in the amount of $113,800.  He
moved for relief under 28 U.S.C. § 2255 on the ground that his
trial counsel provided constitutionally ineffective
representation.  Enayat argued that his attorney erroneously
advised him to reject an advantageous plea agreement, failed to
request a continuance to allow more time to prepare for trial,
failed to request a handwriting analysis and impeachment
materials about a government witness, Beruz Jalili, failed to
introduce evidence about the markup taken on Persian rugs, and
otherwise failed to present an adequate defense.  The court
denied Enayat's motion on all grounds.

Enayat moved for reconsideration on his claims that his
attorney provided constitutionally ineffective assistance by
advising him to reject the plea agreement and by failing to
request the government's analysis of Jalili's handwriting.
Enayat agreed with the government that a hearing was not

necessary.  In his motion for reconsideration, however, he
requested a hearing to address the two claims.  The government
did not respond to the motion for reconsideration.

A hearing was held on March 13, 2008.  Enayat and his wife
testified in support of his claims.  The prosecutor in the
criminal case, Terry Ollila; Enayat's former counsel, Robert
Jubinville; Bureau of Immigration and Customs Enforcement
("BICE") Special Agent Bleezarde, and Federal Bureau of
Investigation ("FBI") Special Agent Mulvaney testified.[1]

## Discussion

To prevail on an ineffective assistance of counsel claim,
Enayat "must show both that counsel's representation fell below
an objective standard of reasonableness and that there exists a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008).
A reasonable probability of a different outcome is the prejudice
component of the analysis.  Id.  In considering an ineffective
assistance of counsel claim, the court may address only the

---

[1]The activities now performed by BICE were formerly the
responsibility of the Immigration and Naturalization Service, as
provided by the Homeland Security Act of 2002.  See Clark v.
Martinez, 543 U.S. 371, 374 n.1 (2005).

prejudice component if that is dispositive.  Id.

A.  Plea Agreement

     Enayat is a resident alien, whose native country is Iran.
Because of that status, his original counsel in the criminal
proceeding, William Christie and Steven Gordon, were concerned
about the effect of a conviction on his eligibility for removal.
They retained an immigration attorney, Desmond Fitzgerald, to
advise them about the removal implications in the case.

     8 U.S.C. § 1227(a)(2)(A)(iii) provides grounds for removal
of an alien who is convicted of an aggravated felony.  The
definition of aggravated felony includes a conviction for "a
theft offense (including receipt of stolen property) or burglary
offense for which the term of imprisonment [is] at least one
year" and "an offense that – – involves fraud or deceit in which
the loss to the victim or victims exceeds $10,000."  8 U.S.C. §
1101(a)(43)(G) & (M).

     Christie and Gordon negotiated a plea agreement with the
government that was intended to address issues which would affect
Enayat's eligibility for removal if he were convicted of the
crime charged.  Under the agreement, the government would have
recommended that Enayat be sentenced to five months of
imprisonment and five months of home confinement (a sentence of

                               3

less than one year), to avoid having the crime qualify as an
aggravated felony pursuant to § 1101(a)(43)(G).  In addition,
counsel discussed with the prosecutor, Terry Ollila, whether the
indictment could be amended to delete any reference to the amount
of the stolen check, which was $113,800, because an amount in
excess of $10,000 would make the offense an aggravated felony
under § 1101(a)(M).

Before seeking approval for an offer to amend the charge
against Enayat, Ollila talked to BICE Special Agent Bleezarde and
to a government immigration attorney in Boston about whether the
proposed amendment would avoid having Enayat's offense qualify as
an aggravated felony under § 1101(a)(M).  Ollila was told that
because other documents in the case revealed the amount of the
stolen check and because the amount would be disclosed during
sentencing, an amendment of the indictment would not prevent the
crime from being an aggravated felony under § 1101(a)(43)(M).  As
a result, Ollila did not propose that provision.

Enayat had previously been represented in another matter by
Attorney Robert Jubinville and had remained friendly with him.
While he was represented by Christie and Gordon, Enayat discussed
his case with Jubinville, who recommended that he not accept the
plea offer because any prison term would result in his being
eligible for removal.  Fitzgerald, who was working with Christie

4

and Gordon, advised that the offered plea agreement gave Enayat
the best defense against removal but could not guarantee that he
would not be subject to removal proceedings based on the
conviction.  After weighing the advice he was getting, Enayat
decided not to accept the plea, concluding that his best chance
of avoiding removal was to be acquitted on the crime charged.  He
discharged Christie and Gordon and hired Jubinville to represent
him for trial.

Enayat was convicted following a guilty verdict in January
of 2005.  He was sentenced to eighteen months of imprisonment and
was required to make restitution in the amount of $93,800.  On
appeal, Enayat argued that the district court improperly denied
his motion for judgment of acquittal and his motion for a new
trial.  The First Circuit affirmed in a mandate issued on
February 23, 2007.

BICE Special Agent Bleezarde was notified that Enayat's
criminal case was complete after the conclusion of his appeal.
In a notice of removal proceedings, he charged that Enayat,
having been convicted of an aggravated felony under §
1127(a)(2)(A)(iii), was subject to removal because his sentence
of imprisonment was longer than a year and because his crime
involved fraud or deceit and the loss to the victim exceeded
$10,000.  See Plaintiff's Ex. H.   Bleezarde also charged that

5

Enayat was subject to removal because he was convicted of a crime
of moral turpitude within five years of the date of his last
admission to this county, under 8 U.S.C. § 1127(a)(2)(A)(I).
Enayat was served with notice of the removal proceedings on March
29, 2007.  The immigration judge found that Enayat was subject to
removal on both grounds under § 1127(a)(2)(A)(iii), but not under
§ 1127(a)(2)(A)(I), because his admission had not been within
five years of his conviction.

Enayat argues that Jubinville provided constitutionally
ineffective representation by advising him to reject the plea
agreement on the mistaken belief that a conviction with
imprisonment of any length would subject him to removal
proceedings.  He contends that he was prejudiced by that advice
because he rejected a plea offer that would have allowed him to
serve only five months in prison, instead of his sentence of
eighteen months, and would have avoided the removal charges based
on a sentence of more than one year under § 1101(a)(43)(G), and
the amount of the check, under § 1101(a)(43)(M).  The evidence
does not support Enayat's position with respect to the amount of
the check.

The testimony at the hearing showed that Christie, Gordon,
and Ollila discussed the possibility of changing the charging
document to an information that would charge Enayat with

6

receiving a stolen security in an amount greater than $5,000 in violation of 18 U.S.C. § 2315.  Ollila would have needed approval to actually offer that part of the agreement, however.  When she researched the issue and found that the proposed change would not have avoided the removal consequences, however, she did not seek approval and did not offer that as part of the plea agreement.

In addition, the proposed change in the charging document would not have avoided removal based on an aggravated felony, defined in § 1101(a)(43)(M) as a crime of fraud or deceit involving more than $10,000, because the amount of the stolen check was readily available to BICE and would have been obtained by that agency from the record in the case, FBI reports, the pressentence investigation report, the sentencing proceeding, and the judgment which required restitution.[2]  Because Enayat would have been subject to removal under § 1227(a)(2)(A)(iii) even if he had been offered and had accepted the plea agreement with a recommended sentence of five months imprisonment and five months home confinement and an amended charging document, Jubinville's advice to reject the offer did not result in any prejudice.

The bottom line is that all of Enayat's attorneys told him

---

[2]Because the immigration judge found that receiving the check in violation of § 2315 was a crime of fraud or deceit under § 1101(a)(43)(M), that issue is not considered here.

7

that a conviction, whether by guilty plea or by jury, carried with it removal consequences.  He considered all of the advice he had received, weighed his options, and voluntarily made a strategic decision to go to trial with the hope of gaining an acquittal, thereby avoiding removal.  He was convicted and now faces the same removal consequences as he would have faced had he entered a guilty plea under the plea agreement that was being proposed.

B.  Handwriting Analysis

The stolen check was mistakenly put into Beruz Jalili's business post office box.  Jalili discussed the check with his friend, Enayat, and then sent the check to him.  Enayat delivered the check to his friend, Stuart Carpenter, who owned a car dealership, and asked Carpenter to deposit the check in his business account, which he did.

The check was made payable to Innuendo, LLC, from QAD, Inc. and had been endorsed "Innuendo, LLC" when it was deposited by Carpenter.  When the check was returned to QAD with a forged endorsement and QAD contacted the bank, the FBI began an investigation that led to Enayat.

Jalili testified as a government witness at trial.  During his testimony, Jalili stated that the FBI had taken a sample of

his handwriting for analysis.  Enayat contends that Jubinville
should have requested the handwriting analysis to determine
whether it supported a theory that Jalili endorsed the check,
which would undermine Jalili's credibility as a witness against
him.

     In opposition to Enayat's motion for § 2255 relief, the
government contended that Enayat was not prejudiced by
Jubinville's failure to request the handwriting analysis because
no handwriting analysis was ever done and because evidence that
Jalili endorsed the check would not be sufficient to show a
reasonable probability that the outcome of the criminal case
would have been different.  The government, however, failed to
provide any evidence to show that no handwriting analysis was
ever done.  The court agreed that evidence that Jalili forged the
endorsement was not sufficient to support the ineffective
assistance claim.  However, the court ordered the government to
produce evidence at the hearing concerning whether any
handwriting was ever taken.

     At the hearing, FBI Special Agent Mulvaney, who investigated
the case, testified that no handwriting sample was ever taken
from Jalili and no analysis was ever done of his handwriting.  He
testified that neither he nor the other FBI agent who was briefly
involved with Jalili in California asked for or obtained a

handwriting sample.  He also explained the process of obtaining a
handwriting sample and a handwriting analysis and the documents
that are generated during that process, none of which exist in
this case.  Therefore, Enayat was not prejudiced by Jubinville's
failure to request an analysis that did not exist.


Conclusion

For the foregoing reasons, the plaintiff's motion for
reconsideration (document no. 21) is denied.


SO ORDERED.


/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 14, 2008

cc:  Edward Juel, Esq.
     Aixa Maldonado-Quinones, Esq.
     Robert Veiga, Esq.